1  BENJAMIN B. WAGNER
   United States Attorney
2  KEVIN C. KHASIGIAN
   Assistant U. S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA  95814
4  Telephone:  (916) 554-2700

5  Attorneys for the United States

8       IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:13-MC-00107-TLN-CKD |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $34,251.43 IN U.S. CURRENCY SEIZED FROM BANK OF AMERICA ACCOUNT NUMBER 000905941180, HELD IN THE NAME ARMANDO FLORES VASQUEZ,  and | |
| APPROXIMATELY $2,043.62 IN U.S. CURRENCY SEIZED FROM BANK OF AMERICA ACCOUNT NUMBER 000905548374, HELD IN THE NAME ARMANDO FLORES VASQUEZ, | |
| Defendants. | |

   Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

   1.      In August 2012, the Drug Enforcement Administration ("DEA") and the Sacramento County Sheriff Department ("SCSD") initiated an investigation on a Drug Trafficking Organization ("DTO") located in California's Central Valley.  With the assistance of the Federal Bureau of Investigation and DEA in Hawaii and DEA in Las Vegas, NV, two undercover agents infiltrated the DTO in Sacramento, CA.  Armando Vasquez ("Vasquez") was identified as the primary caretaker of the DTO'S methamphetamine business in Sacramento, CA.

2. The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about July 15, 2013, the DEA received a claim from Armando Flores Vasquez asserting an ownership interest in the defendant funds.

3. The United States represents that it could show at a forfeiture trial that on or about August 2012, the DEA and the SCSD initiated an investigation on a DTO located in California's Central Valley. With the assistance of the Federal Bureau of Investigation and DEA in Hawaii and DEA in Las Vegas, NV, two undercover agents infiltrated the DTO in Sacramento, CA. Vasquez was identified as the primary caretaker of the DTO'S methamphetamine business in Sacramento, CA.

4. The United States represents that it could show at a forfeiture trial that during the nine month investigation, the undercover agents purchased, on three separate occasions, methamphetamine from Vasquez and associates. In total, agents purchased approximately three pounds of methamphetamine for $23,500.00.

5. The United States represents that it could show at a forfeiture trial that on or about April 25, 2013, the investigation concluded with the execution of eight federal search warrants in Sacramento, San Jose and Atwater, CA. Vasquez and others were arrested on federal drug charges for violations of 21 U.S.C. §§ 841(a)(1) and 846. The warrants resulted in the seizure of approximately $200,000.00 in cash, twelve pounds of methamphetamine, thirteen handguns, one sawed-off shotgun, three assault rifles, two vehicles, eight arrests, and the dismantling of one methamphetamine conversion laboratory.

6. The United States represents that it could further show at a forfeiture trial that on or about May 6, 2013, DEA agents executed a federal seizure warrant at Bank of America and seized the defendant funds.

7. On or about December 19, 2013, Armando Flores Vasquez entered into a plea agreement in criminal case number 13-00443-02-DKW wherein he pleaded guilty to Conspiracy and Distribution of Methamphetamine in violation of 21 U.S.C. §§ 846, 841 (a)(1) and 841 (b)(1)(A). On November 13, 2014, Vasquez was sentenced to 109 months in prison.

8. The United States could further show at a forfeiture trial that the defendant funds are

forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

9.      Without admitting the truth of the factual assertions contained in this stipulation and for the purpose of reaching an amicable resolution and compromise of this matter, Armando Flores Vasquez agrees that an adequate factual basis exists to support forfeiture of the defendant funds. Armando Flores Vasquez hereby acknowledges that they he is the sole owner of the defendant funds, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, Armando Flores Vasquez shall hold harmless and indemnify the United States, as set forth below.

10.     This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

11.     This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant funds were seized.

12.     The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

13.     The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

14.      Upon entry of the Consent Judgment of Forfeiture, $16,251.43 of the Approximately $34,251.43 in U.S. Currency seized from Bank of America Account Number 000905941180, held in the name of Armando Flores Vasquez and Approximately $2,043.62 in U.S. Currency seized from Bank of America Account Number 000905548374, held in the name of Armando Flores Vasquez, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

15.      Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $18,000.00 of the Approximately $34,251.43 in U.S. Currency seized from Bank of America Account Number 000905941180, held in the name of Armando Flores Vasquez, shall be returned to potential

Consent Judgment of Forfeiture

claimant Armando Flores Vasquez through his attorney William A. Harrison.

16. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant funds.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Armando Flores Vasquez waives the provisions of California Civil Code § 1542.

17. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

18. All parties will bear their own costs and attorney's fees.

19. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant funds.

IT IS SO ORDERED.

Dated:  October 1, 2015

_____
Troy L. Nunley
United States District Judge

Consent Judgment of Forfeiture